J. W., B. A., AND W. W. RUDOLPH, Copartners Doing Business under the Firm Name and Style of J. W. Rudolph & Brother, Plffs.,

*v.*

MANUEL ALVAREZ RIVERA AND HERMINIO MA-DERA RIVERA, Copartners Doing Business under the Firm Name and Style of Alonso Rivera & Company, Dfts.

---

San Juan, Law, No. 1484.

SHIPMENT OF MERCHANDISE.

Pleading—Federal Court—Partners as Parties.
    1. When an action at law is brought against a partnership and the names of the different partners with their respective domicils

Rudolph v. Rivera.

are set forth, there is no misjoinder of party defendants, although under the Mercantile Code of Porto Rico a partnership is a legal entity which can sue and be sued alone. In the Federal court the name, citizenship, and domicil of each party must be separately stated.

Contract of Tobacco—Delivery—Demand.

2. Where the complaint in an action at law sets forth that the defendants in Porto Rico entered into an agreement with the plaintiffs doing business in Tennessee to buy from the latter certain merchandise, and it was further agreed that said plaintiffs would ship such merchandise to Porto Rico by way of Baltimore, and that the delivery should be made to the defendants, and such delivery was made at Baltimore to the agents of the defendants, and that these agents caused such merchandise to be shipped from Baltimore to Porto Rico and the same arrived in Porto Rico and were received by the defendants, and the defendants agreed to pay for such merchandise a stipulated sum exceeding $3,000, and that demand had been made by the plaintiffs upon the defendants for such payment, no part of which had been made, this court has jurisdiction of the action.

Opinion filed July 14, 1921.

Order of court overruling demurrer to amended complaint.

*Mr. Henry G. Molina* for plaintiffs.

*Messrs. Texidor & De la Haba* for defendants.

ODLIN, Judge, delivered the following opinion:

In this case an amended complaint was filed on June 16, 1921, and it was agreed by counsel for the plaintiffs and counsel for the defendants that the demurrer filed on May 7, 1921, to the original complaint should be deemed as having been filed to the amended complaint.

There are four grounds of demurrer. The first ground is that there is a misjoinder of party defendants, inasmuch as the

suit is brought against a partnership doing business under the name of Alonso Riera & Compañia, and that the joinder of the partners, naming them separately, is improper, inasmuch as a partnership under the Mercantile Code of Porto Rico is a legal entity which can sue and be sued alone. The court holds that this ground of demurrer is not well taken, for the reason that it is necessary that the name and citizenship and domicil of each partner must be separately stated in order that this court may be informed as to whether the action is one which may be properly brought in this court.

The second ground of demurrer is based upon the claim that the complaint filed herein is ambiguous. Counsel for the defendants represent to the court that the precise purpose of the action and of the relief which is sought by the plaintiffs cannot be ascertained from the complaint; in other words, counsel for the defendants say that they are unable to ascertain by reading the amended complaint herein whether the plaintiffs are seeking to enforce the original contract or whether the plaintiffs are bringing this suit in order to recover damages for the breach of a contract of sale. This court, after examining the amended complaint, is clearly of the opinion that the action is brought to recover a certain sum of money exceeding three thousand dollars ($3,000), which it is alleged the defendants agreed to pay to the plaintiffs for the purchase of certain merchandise sold by the plaintiffs to the defendants, which merchandise was delivered and which was received by the defendants, and which purchase price the defendants refused to pay.

The third ground of demurrer is that the amended complaint is uncertain, inasmuch as the defendants state that they are unable to ascertain from the amended complaint whether the

### Rudolph v. Rivera.

plaintiffs are suing for the enforcement of a contract or for the breach of a contract. It is sufficient to say that this third ground of demurrer must be overruled, because it is in effect a statement of the second ground of demurrer in a slightly different form.

The fourth and last ground of demurrer is that the amended complaint does not state facts sufficient to constitute a cause of action. Of course this ground of demurrer would be well taken if the amended complaint failed to state facts sufficient to constitute a cause of action; but the court has carefully read the amended complaint and is clearly of the opinion that if the facts set forth in said amended complaint are true, the plaintiffs are clearly entitled to a verdict and a judgment.

The substance of the amended complaint is that the defendants in Porto Rico agreed with the plaintiffs doing business in the state of Tennessee to buy from the latter certain merchandise and that the plaintiffs would ship said merchandise to Porto Rico by way of the city of Baltimore in the state of Maryland, and that delivery should be made to the defendants at said city of Baltimore, and that such delivery was made at Baltimore to the agents of the said defendants, and that said agents at Baltimore thereafter caused the said merchandise to be shipped by steamer from Baltimore to San Juan, and that said merchandise arrived at San Juan, and that said merchandise was received by said defendants, and that the said defendants had agreed to pay for said merchandise a stipulated price exceeding three thousand dollars ($3,000), and that demand was made by the plaintiffs upon the defendants for such payment, and that no part of such payment has been made.

Rudolph v. Rivera.

The court, therefore, being of the opinion that the amended complaint does properly set forth a cause of action, and that all four grounds of demurrer are not well taken, it is ordered that the said demurrer be overruled, and the defendants are allowed ten days in which to file their answer to the amended complaint.

To this ruling counsel for the defendants except.